## HARRY L. HUSSMAN REFRIGERATOR & SUPPLY CO. v. WARREN et al.

District Court, N. D. Georgia.    March 19, 1928.

No. 325.

1. Patents ⊖⟶328—No. 1,225,682, for improvements in show case refrigerator, held invalid for want of invention.

Patent 1,225,682, for improvements in show-case refrigerator *held* invalid for want of invention.

2. Patents ⊖⟶328—No. 1,447,733, claims 10, 12, and 13, for improvements in showcase refrigerator, held invalid for want of invention.

No. 1,447,733, claims 10, 12, and 13, for improvements in showcase refrigerator, *held* invalid for want of invention.

In Equity. Bill by the Harry L. Hussman Refrigerator & Supply Company against George T. Warren and others. Bill dismissed.

John H. Bruninga, of St. Louis, Mo., and Robert S. Parker, of Atlanta, Ga., for plaintiff.

Chas. R. Fenwick and Joseph Dugan, both of Washington, D. C., and Winfield P. Jones, of Atlanta, Ga., for defendants.

SIBLEY, District Judge. Here involved are the validity and infringement of claim 1 of United States patent No. 1,225,682 and claims 10, 12, and 13 of United States patent No. 1,447,733, granted to John Schulde and by him assigned to plaintiff. Both patents relate to improvements in showcase refrigerators. The art was old in 1915, when the first patent was applied for. Showcases —that is, transparent containers for the exhibition of goods for sale—and refrigerators, and the combination of the two, had long been known. A showcase with double or triple glasses is well insulated and may be successfully refrigerated. For proper display and accessibility to the goods, it is preferably rather long and narrow. Slanting sides for better visibility have been commonly used for 40 years in my own recollection. Refrigeration has been found practical with the refrigerating unit at one end, where it interferes less with accessibility and visibility. The general mechanical principle involved in thus refrigerating a chamber so proportioned with fair uniformity over its whole length is that air, chilled by the refrigerator and deprived of its excess moisture, will flow along the bottom of the case until it becomes warmer, when it will rise to the top, at the same time reabsorbing any available moisture. The constant sinking of air around the refrigerator will draw the warm air towards the refrigerator, to replace the chilled air flowing down, so that a circulation of air is set up, whose vigor and extent depends partly on the chilling power of the refrigerator, and partly on the shape of the chamber and the obstacles or directors in the path of the circulation.

One of the first lessons in physics is this circulation set up by a source of heat in a room, and a like circulation in reverse direction by a center of cold. At an early date this circulation was usefully applied to the art of refrigeration. A patent to Lyman, United States No. 5,786, first applied for in 1856, clearly described it, and shows an apparatus in which tubes play a part in refrigeration and a conduit in directing the flow of chilled air. The Chase patent, No. 210,895, December, 1878, uses the same idea of circulation, with flues through the refrigerating unit (whose function is similar to the flues in a boiler) to intensify its action, and uses an air space between the container of the refrigerant and the walls of the chamber, in which to chill the air and cause it to drop. Salt and ice is suggested as a refrigerant—the idea being as old as an ice cream freezer, at least. The circulation was plainly set out and illustrated as applied to a showcase refrigerator in the Weiss patent, No. 455,915, 1891. Block ice is there shown as the refrigerant, but "ice or refrigerating substance" is spoken of in line 45. The defendant Warren, before the present patent was applied for, was building and selling block ice refrigerator showcases using the principle of circulation.

Meanwhile, in the allied art of car refrigeration, the Zimmerman patent, No. 246,439, 1881, shows a container for the refrigerant of sheet metal, with tubes through it for efficiency and to direct the flow of refrigerated air to the center of the car; the several refrigerators being around the sides, and having a refrigerating chamber between their back sides and the walls of the car, with a circulation set up from and back of each refrigerator, in all respects like the refrigerators of plaintiff and defendant, except on a larger scale, and multiplied around the car, instead of placed in one end only.

[1] As I see it, Schulde, in his first patent, took the Zimmerman refrigerating unit for use with salt and ice and put it in place of block ice in such a showcase as shown in Weiss, or made by Warren and others, adding assisting devices, such as the drip pan to retain the cold brine, and baffle plates to control the circulation. With the claims covering these assisting devices (one of which,

to wit, the brine pan, sustained claim 3 in Gruendler v. Hussmann [C. C. A.] 16 F.[2d] 571), we have nothing to do, because claim 1 alone is alleged to be infringed: That claim is quite broad. Every element in it is old:

"A counter refrigerator, comprising an elongated showcase having transparent panels [old], a refrigerating unit, including a container adapted to receive a freezing mixture and mounted at one end of the showcase [old]; said container having a vertical passage at the back thereof and having tubes passing therethrough, and open at the rear ends to said vertical passage and at their forward ends to said showcase [Zimmerman and Chase]; constructed and arranged to permit a circulation of air through the unit and along the back thereof [Zimmerman]; and said unit being adapted and positioned to cause a current of air to circulate in a path from the bottom of said unit along the bottom of said showcase and in a return path along the top of the showcase into the top of said unit [the circulation shown in Lyman, Weiss, Chase, and others]."

I do not see anything amounting to invention in putting Zimmerman's refrigerating unit into a showcase refrigerator. *Its function* there is the same as in a refrigerator car, notwithstanding the differences between such a car and a showcase. Ice and salt in it, instead of ice, was no patentable novelty. This is as though a better and more powerful engine were introduced into an existing power plant. It is mere aggregation and not patentable combination.

In claims 10, 12, and 13 of patent No. 1,447,733, I find the same elements combined with a showcase "having upwardly and inwardly inclined sidewalls." These are supposed, by narrowing the upper part of the showcase, to accelerate the air circulation in some way. It is apparent that, by such narrowing, the layer of air having a temperature, say, above 45 degrees, would be made deeper, the volume being the same. But the rapidity of the air circulation would depend on the chilling power of the refrigerator, for it is the fall of the chilled air that draws the warm air longitudinally to the refrigerator. No experiment is cited as to any beneficial effect of narrowing the top, and I think there is nothing useful in it. Anyhow, slanting sides in showcases being old, I do not see how the discovery of a new virtue in them could become patentable. Moreover, the slant in the sides of the Warren case is so slight, evidently not designed to affect circulation, as to make it unfair to call it infringement.

Gruendler v. Hussmann, supra, did not sustain claim 1 of patent No. 1,225,682, but intimated its invalidity.

[2] My judgment is that it and claims 10, 12, and 13 of patent No. 1,447,733 are invalid for the reasons stated. An order may be taken dismissing the bill.